UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
HEBEI PHOENIX SHIPPING CO., LTD.,

                                  Plaintiff,         05 Civ. 10139 (RPP)

      - against -

                                                      **OPINION AND ORDER**

ENERGY SHIPPING S.p.A.,

                                Defendant.
-------------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

      Energy Shipping S.p.A. ("Energy") moves, pursuant to Supplemental Admiralty Rule E(4)(f), to vacate an *ex parte* order of Maritime Attachment and Garnishment ("Order of Attachment") issued by this Court on December 3, 2005.

      Energy asserts that Plaintiff Hebei Phoenix Shipping Co., Ltd. ("Hebei"), pursuant to the Order of Attachment, on or about December 10, 2005, wrongfully attached Energy's property in the form of an Electronic Funds Transfer in the hands of Standard Chartered Bank in Manhattan in the sum of $187,865.76.

      Supplemental Admiralty Rule E(4)(f) provides in relevant part as follows:

> *Procedure for Release from Arrest or Attachment*. Whenever property is arrested or attached, any person claiming an interest in it shall be entitled to a prompt hearing at which the plaintiff shall be required to show why the arrest or attachment should not be vacated or other relief granted consistent with these rules.

Supp. R. for Certain Admiralty & Maritime Claims E(4)(f) (2005).

      Energy claims that Plaintiff Hebei's attachment was in breach of a "standstill agreement" entered into on November 29, 2005 between London counsel for Energy and London counsel for Hebei in a pending arbitration proceeding in London. (Energy Mem. in Supp. at 2, 4.) Energy

asserts that the attachment should be vacated because London counsel for Hebei "expressly agreed to take no action between November 29, 2005 and December 16, 2005; second, because to permit the attachment to stand would be patently unfair; and, third, because maintaining the attachment under the circumstances presented in this case would amount to a judicial sanctioning of the tactical use of Rule B for the purpose of obtaining unfair negotiating leverage." (Id. at 4-5.)

As Plaintiff points out, the supporting Declaration of December 19, 2005 by Jonathan Peter Wake Green ("Green Decl."), English solicitor for Energy, does not support a finding that the oral "standstill agreement" was anything more than an agreement by counsel to take no further action in the London arbitration. The documents attached to the Green Declaration support Plaintiff's contention. Green's fax transmission of November 29, 2005 to the arbitrator refers to standstill of the reference. (Green Decl., Ex. 1.) The fax transmission dated December 1, 2005 from the arbitrator to the London solicitors refers to the "standstill" as a pause in the reference. (Green Decl., Ex. 1.) Furthermore, Mr. Green's fax transmission of December 16, 2005 to Mr. Houghton does not state that the attachment order freezing Energy's funds was a violation of the standstill agreement. (Green Decl., Ex. 1) Green's Declaration contains no statement that the oral agreement between counsel for both parties was intended to bind the clients from initiating ancillary actions in other jurisdictions.

The opposing Declaration of Plaintiff's London solicitor, Timothy James Houghton, states that he believed he had agreed in the oral agreement "not to take formal steps to progress the substantive claim in the London arbitration before [the] 13th [of] January 2006," and that the Rule B attachment of funds in New York does not progress the substantive claim but is an ancillary action. (Decl. of Timothy James Houghton, dated December 20, 2005, at ¶ 6.)

2

The Declaration of Mr. Green and his fax transmissions do not support Energy's claim of a violation of the standstill agreement, as Defendant claims. By his Reply Declaration dated December 21, 2005, Mr. Green states that his notes reflect his understanding of the parties' agreement, but, unfortunately, that understanding was not reflected in his communication to the arbitrator, the arbitrator's reply, or any other document.

In its reply papers, Energy takes the position that the attachment should be vacated as abusive and unfair, claiming that the attachment was obtained solely to obtain leverage over Energy. However, the facts of the dispute suggest otherwise.

The claim arises out of a charter by Energy of a vessel owned by Hebei. Energy apparently refused to pay the charter hire, claiming that the vessel did not perform as warranted. There is little question as to the amount due Hebei by Energy since it is a matter of arithmetic, whereas the validity claim of Energy is more indefinite. Thus, Energy, by failing to pay the charter, was in a leverage position. The attachment obtained by Plaintiff against a foreign defendant merely evened out the bargaining field.

Energy also asks that Plaintiff be ordered to post counter-security pursuant to Supplemental Admiralty Rule E(7)(a). This motion is unopposed. Accordingly, Energy's motion to vacate is denied and its motion for counter-security is granted.

IT IS SO ORDERED.

Dated: New York, New York
January 10, 2006

Robert P. Patterson, Jr.
U.S.D.J.

3

**Copies of this Opinion and Order sent to:**

*Counsel for Plaintiff:*

Cardillo & Corbett
29 Broadway, Suite 1710
New York, NY 10006
By: Tulio Prieto, Esq.
Tel: 212-344-0464
Fax: 212-

*Counsel for Defendants:*

Tisdale & Lennon, LLC
11 West 42nd Street, Suite 900
New York, NY 10036
By: Patrick F. Lennon, Esq.
Tel: 212-354-0025
Fax: 212-869-0067